# EXHIBIT A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Michael Sykes, Individually and Derivatively on Behalf of Wheatland Bank, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> L. Mark Spangler, Norm Beles, Frank Laskaris and E. James Adcock, <br><br> Defendants, <br><br> and Wheatland Bank, Inc., <br><br> Nominal Defendant. | Case No. |

2019L005634
CALENDAR/ROOM V
TIME 00:00
Other Com Litigation

FILED

## SHAREHOLDER'S DERIVATIVE COMPLAINT

Plaintiff, Michael Sykes, Individually and Derivatively on Behalf of Wheatland Bank, Inc., and as and for his Complaint against Defendants, L. Mark Spangler, Norm Beles, Frank Laskaris and E. James Adcock and Nominal Defendant Wheatland Bank, Inc., for breach of fiduciary duty, gross management and breach of fiduciary duty, waste of corporate assets, fraud, breach of contract, fraudulent misrepresentation, negligent misrepresentation, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and for other relief, and in support thereof alleges as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a shareholder derivative action brought by a Shareholder of Wheatland Bank, Inc. (Wheatland) on behalf of Wheatland against certain of its officers and directors seeking to remedy Defendants' violations of state law, including breaches of fiduciary duties, gross mismanagement and breach of fiduciary duty, waste of corporate assets, negligence, fraud, breach of contract, fraudulent misrepresentation,

negligent misrepresentation, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act that occurred between April 2009 and January 2010 (the "Relevant Period") and that have caused substantial losses to Wheatland, its Shareholders and other damages.

2. Defendants conspired to de-value the stock price of Wheatland Bank's common stock so they could purchase the stock at a future discounted price and thereby create a majority ownership interest for themselves and several other select shareholders.

## PARTIES

3. Plaintiff Michael Sykes (Sykes) is a citizen of the State of Illinois and owned shares of Wheatland at all times relevant to this lawsuit.

4. Defendant L. Mark Spangler (Spangler) is a citizen of the State of Illinois and was Chairman of Wheatland during the Relevant Period.

5. Defendant Norm Beles (Beles) is a citizen of the State of Illinois and was Vice Chairman of Wheatland during the Relevant Period.

6. Defendant Frank Laskaris (Laskaris) is a citizen of the State of Illinois and was a Board Member of Wheatland during the Relevant Period.

7. Defendant E. James Adcock (Adcock) is a citizen of the State of Illinois and was a Board Member of Wheatland during the Relevant Period.

8. The individual Defendants, because of their positions of control and authority as fiduciaries, directors and/or officers of Wheatland Bancorp, were able to and did exercise control over the wrongful acts complained of herein.

9. By reason of their positions as officers, directors and/or fiduciaries of Wheatland, the individual Defendants owed Wheatland and its Shareholder fiduciary

2

obligations of trust, loyalty, good faith and due care, and were required to use their utmost ability to control and manage Wheatland in a fair, honest, and equitable manner.

10. Each Defendant owed Wheatland and its Shareholder the fiduciary duty to exercise good faith and diligence in the administration of the affairs of Wheatland.

11. Defendants were placed in a position of trust by the Wheatland's Shareholder and the responsibility for the affairs of Wheatland was firmly and squarely on Defendants.

12  To discharge their duties, Defendants were required to exercise reasonable supervision over the management policies, practices and controls of the financial affairs of Wheatland.

13. Defendants are subject to civil liability for failing to discharge their duties properly and by being negligent in protecting the interests of the Shareholder.

14. Jurisdiction is proper in Illinois pursuant to Illinois Const., Art. 6 § 9 and 805 ILCS 5/7.80. The amount in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of this Court.

15. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 because nominal Defendant Wheatland conduct business in Cook County. Venue is also proper in this Court because one of more of the defendants reside in this County, and a substantial portion of the transactions and wrongs complained herein occurred in this County.

## STATEMENT OF FACTS

16. In April 2009, Spangler stated to several Wheatland employees (in Wheatland's lunchroom) that it makes no difference to him, whether Wheatland's stock becomes de-valued or whether Wheatland raises additional necessary capital, because

3

he can afford to lose his investment or purchase stock later at a cheaper price and gain a larger percentage of ownership for himself at a discounted price.

17. In May 2009, Spangler stated to fellow Board Members (at an after hours social function) that he may allow the current stock offer to lapse without additional capital being raised and purchase a controlling interest in Wheatland for himself once Wheatland approaches near failure.

18. In May 2009, Spangler acted on his previous statements by implementing plans to dismantle Wheatland's management and re-configuring Wheatland's Board of Directors, including calling for the termination of Senior Lending Officer/Director Leonard Eichas, President/Director Sykes, and Vice Chairman/Director Arthur P. Sundry, Jr.

19. In May 2009, Spangler made false and slanderous claims regarding Sundry, Sykes and Eichas to Wheatland employees, customers, and shareholders in an attempt to have Sundry, Sykes and Eichas terminated from their respective positions, thereby weakening the Wheatland's Management Team and Board of Directors.

20. In June 2009, Eichas and Sykes were terminated from employment with Wheatland, and together with Sundry are not included on Wheatland's new Board of Directors slate, voted in on July 1, 2009.

21. In July 2009, Wheatland began to operate with a President who has no prior ownership or chief executive experience, no Senior Lending Officer, and a Board of Directors which lacks any member with a professional career in the banking industry.

22. In July 2009, despite assurances to employees, directors, shareholders, and regulators that Spangler has the capital necessary to strengthen Wheatland, the March 2009 Wheatland stock offering expires with little or no capital being raised and

4

no stock being purchased by Spangler or his previously indicated sources (at a price of $12.50 - $15.00 per share).

23. In August 2009, Board Members Spangler, Beles, Laskaris and Adcock approved several initiatives damaging to Wheatland's financial condition at a time when the bank was operating in an undercapitalized state: condoning the practice of insider loans to Directors, implementing a Directors' Compensation program for themselves at a cost of over $100,000 per year, allowing Spangler to directly approve credit to his insurance clients (in violation of Regulatory Direction) and neglecting their duty to raise additional necessary Capital (i.e. hire an investment banking firm to assist in selling stock).

24. In August 2009, Board Members Spangler, Beles, Laskaris, and Adcock began discussions on their collective re-purchase of stock at a future significantly discounted price. This strategy included using TARP funds received by Evergreen Private Bank, where Beles is a member of the Board of Directors.

25. In September 2009, Board Members Spangler, Beles, Laskaris and Adcock harassed Wheatland management in order to compromise management's actions relative to: Spangler's insurance clients, payment of fees to Directors and credit provided to the Bank's Insiders/Directors. Additionally, Wheatland continued to operate without a Senior Lending Officer, experienced Lending Staff and professional Banking representation on the Board. This resulted in a rapid deterioration of the loan portfolio, and the resignation of Wheatland President Ed Kearney and Director Mary DaVolt.

26. In October and November 2009, Board Members Spangler, Beles, Laskaris, and Adcock neglected their duty to ensure the proper management of Wheatland's loan portfolio, resulting in further deterioration of the loan portfolio. They

5

further continued to provide credit to themselves (Laskaris, and Adcock) and to Spangler's insurance clients, while allowing Spangler to approve credit to these clients.

27. In December 2009, Federal and State Regulators issue a public enforcement action concerning Wheatland's Board of Directors, criticizing among other things; the Board's lack of members with banking experience, unsound management practices concerning the loan portfolio, and Wheatland's lack of capital.

28. In January 2010, based on Wheatland's financial condition as reported to the FDIC on January 31, 2010, it becomes apparent Wheatland will likely fail. This is reported in several local publications and is the result of the conspired actions of Board Members Spangler, Beles, Laskaris and Adcock, to de-value the stock through purposeful poor management policies, and neglect of their duties as Directors.

29. From March 2009 through October 2009, Plaintiff reported Defendants actions to the FBI and federal and state regulators. As retaliation for Plaintiff's reporting Defendants actions to the FBI and federal and state regulators, Defendants initiated a lawsuit against Plaintiff in the Circuit Court of Cook County captioned *Wheatland Bank v. Michael Sykes*, et al., case number 09L-15546.

30. On April 23, 2010, the FDIC took control of Wheatland.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

31. In bringing this action, Plaintiff has satisfied all statutory procedural requirements of applicable law.

32. First, Plaintiff has standing to bring this action as he is an owner of Wheatland stock during all times relevant to the Defendants' wrongful conduct alleged herein, and remain a holder of interest in Wheatland.

33. Second, Plaintiff will adequately and fairly represent the interests of

6

Wheatland in enforcing and prosecuting its rights.

34. Third, this action is not being used by Plaintiff to gain any personal advantage, nor does Plaintiff maintain any personal agenda other than to correct the wrong that has been done to Plaintiff and Wheatland.

35. Plaintiff has not made a demand on the Wheatland Bancorp Board of Directors before instituting this action.

36. However, demand upon the Board of Directors to bring this claim is futile and excused. As alleged herein, the directors and officers of Wheatland with the power and authority to bring this claim are not disinterested and independent and/or their conduct was not the product of a valid exercise of business judgment.

37. Upon information and belief; as of December 31, 2009, the Wheatland Board of Directors consisted of the following individuals: Defendants Spangler, Beles, Laskaris, Adcock and others.

38. As such, Defendants cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action. Demand on Defendants would be futile.

39. There is a substantial likelihood Defendants will not comply with their fiduciary duties to investigate these claims or bring these claims on behalf of Wheatland, as this would require them to sue themselves.

## PLAINTIFF'S CAUSES OF ACTION

### Count I
### (Breach of Fiduciary Duty)

40. Plaintiff incorporates and realleges the allegations contained in paragraphs 1-39 as if set forth fully herein.

7

41. Defendants, as officers and directors of Wheatland, had fiduciary duties to the Shareholders and to Wheatland to ensure that all transactions were entered in good faith, provided benefit to Wheatland and Shareholders at fair-market value, and would not jeopardize the future financial performance of Wheatland.

42. The June 2009 termination of Eichas and Sykes jeopardized the financial stability and performance of Wheatland. Also the exclusion of Eichas, Sykes and Sundry from Wheatland's new Board of Directors slate, voted in on July 1, 2009, jeopardized the financial stability and performance of Wheatland.

43. In addition, Defendants had fiduciary duties to Wheatland and its Shareholders to ensure that the Board of Directors have members with banking experience, to utilize sound management practices concerning the loan portfolio and to ensure that Wheatland has adequate capital to operate.

44. The public enforcement action issued by Federal and State Regulators concerning Wheatland's Board of Directors, criticized among other things; the Board's lack of members with banking experience, unsound management practices concerning the loan portfolio, and Wheatland's lack of capital.

45. Additionally, in August 2009, Board Members Spangler, Beles, Laskaris and Adcock approved several initiatives damaging to Wheatland's financial condition at a time when the bank was operating in an undercapitalized state: condoning the practice of insider loans to Directors, implementing a Directors' Compensation program for themselves at a cost of over $100,000 per year, allowing Spangler to directly approve credit to his insurance clients (in violation of Regulatory Direction) and neglecting their duty to raise additional necessary Capital (i.e. hire an investment banking firm to assist in selling stock).

8

46. Defendants had a fiduciary duty to the Shareholder and to Wheatland to ensure that the effective management controls, including supervision of the loan portfolio, the raising of capital and compensation of directors, were in place to ensure the efficient and profitable operations of Wheatland.

47. Defendants disregarded these duties by allowing the loan portfolio to be managed by inexperienced persons, condoning the practice of insider loans to Directors, implementing a Directors' Compensation program for themselves at a cost of over $100,000 per year, allowing Spangler to directly approve credit to his insurance clients and neglecting their duty to raise additional necessary Capital.

48. Defendants had a duty of loyalty to Wheatland and a duty to make full and complete disclosure if their actions were not in accord with these duties.

49. Plaintiff was not given full and complete disclosure that Defendants' actions were not in accord with these duties.

50. As a proximate result of the negligent acts and/or omissions of Defendants, Defendants breached their fiduciary duties. As a result, Wheatland sustained significant damages for which relief is sought herein. Wheatland's shares are worth nothing because of the breach of fiduciary duties by Defendants.

## Count II
### (Gross Mismanagement and Breach of Fiduciary Duty)

51. Plaintiff incorporates and realleges the allegations contained in paragraphs 1-50 as if set forth fully herein.

52. By their actions, the Individual Defendants directly abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Wheatland in a manner consistent with the operations of a private holding

9

company.

53. Defendant directors owed a duty to Wheatland and its Shareholder to oversee that Wheatland's loan portfolio met industry standards.

54. Not only did the loan portfolio fail to meet industry standards, but because of Defendants' gross mismanagement the stock of Wheatland was devalued to the point that it had no value.

55. As a proximate result of Defendants' gross mismanagement and breaches of their fiduciary duties, Defendants, in their capacity as Directors and Officers of Wheatland and individually are liable to Wheatland and its Shareholder.

### Count III
### (Waste of Corporate Assets)

56. Plaintiff incorporates and realleges the allegations contained in paragraphs 1-55 as if set forth fully herein.

57. As a result of the misconduct described above, the Individual Defendants wasted corporate assets.

58. As a result of the waste of corporate assets, Defendants, in their capacity as Directors and Officers of Wheatland Bancorp and individually, are liable to Wheatland Bancorp and its Shareholder.

### Count IV
### (Negligence)

59. Plaintiff incorporates and realleges the allegations contained in paragraphs 1-58 as if set forth fully herein.

60. Defendants owed Plaintiff a duty of reasonable care. As Directors of Wheatland, Defendants had a duty to keep Plaintiff apprised of Wheatland activities and

to operate Wheatland in a reasonable manner.

61. Defendants breached this duty by implementing unsafe lending practices and also by failing to ensure that Wheatland had adequate capital to operate.

62. The acts of Defendants eventually caused the stock of Wheatland to be devalued to the point of no value.

63. Additionally, Defendants breached their duty to Plaintiff by failing to keep him informed as to the financial status of Wheatland.

64. As a direct and proximate result of Defendants' negligent actions and omissions as described herein, in breach of their common law and statutory duties, Plaintiff has suffered damages and has sustained and incurred substantial losses in that their Wheatland stock is worth nothing.

## PLAINTIFF'S DERIVATIVE PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. For compensatory damages resulting from their actions and/or omissions for which Defendants breached their duties, or are otherwise liable, in sums to be proven at trial;

B. Further order that because Defendants were the perpetrators of the misconduct, Defendants shall not share, directly or indirectly, in any of the damage award.

C. For other such further relief as the Court deems just and proper.

Law Offices of Arnold H. Landis, P.C. (24702)  By: _____
77 W. Washington, Ste. 702                           Arnold H. Landis
Chicago, Illinois 60602                              Attorney for Plaintiff
(312) 236-6268

11