# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4288 | DATE | May 12, 2011 |
| CASE TITLE | FDIC, etc. vs. Spangler | | |

**DOCKET ENTRY TEXT**

Raymond Gibbons's motion to intervene [13] is denied.



■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

    The FDIC and proposed intervener Gibbons agree that the FDIC, as receiver, has the exclusive right to bring claims that could ordinarily be brought derivatively on behalf of the bank's stockholders. *See Pareto v. FDIC*, 139 F.3d 696, 700-01 (9th Cir. 1998). They also agree that this does not preclude claims based on "injury to a right [Gibbons] possessed as an individual, separate and distinct from the injury to the value of the bank's stock and property due to its closure." *Id.* at 699. This may include being "fraudulently induced to buy or sell stock." *Id.* at 700 (*dictum*). Gibbons contends he falls under this last exception.
    First, Gibbons's proposed complaint does not allege fraud with the specificity required by Fed. R. Civ. P. 9(b). He does not allege the specific statements made to him, nor when, where, or by whom. Therefore, his complaint cannot satisfy this exception. But even ignoring the Rule 9(b) deficiency, Gibbons does not allege an adequate individual claim. He does not allege that he was induced by statements distinct from those provided to other shareholders. Moreover, his injury is based on the conduct that caused the bank to fail and its effect on the value of the bank's stock, which will not support an individual claim. *See Neathery v. Winfield*, 2010 WL 725136 *3-4 (S.D. Ill. Feb. 25, 2010). Gibbons will not be permitted to intervene.

| | Courtroom Deputy Initials: | cw |
|---|---|---|